**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
TAMEEK T. AVERY,                      :
                                      :  Civil Action No. 04-1481(DMC)
              Petitioner,             :
                                      :
         v.                           :        **O P I N I O N**
                                      :
ROY L. HENDRICKS, et al.,             :
                                      :
              Respondents.            :
_____:

**APPEARANCES:**

Tameek T. Avery, <u>Pro</u> <u>Se</u>
#290800/810424B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Gary A. Thomas
Special Deputy Attorney
Acting Assistant Prosecutor
Essex County Prosecutor's Office
Essex County Courts Building
Newark, NJ 07102
Attorney for Respondent

**CAVANAUGH**, District Judge

     Petitioner *pro se* Tameek T. Avery brings this motion seeking to file a notice of appeal out of time.  Respondent has filed an opposition to Petitioner's motion.  The Court has considered all submissions, and for the reasons set forth below, will deny Petitioner's motion.

## I. PROCEDURAL BACKGROUND

Following a jury trial, Petitioner was convicted of first degree aggravated manslaughter, contrary to N.J.S.A. 2C:11-3a(1), first-degree armed felony murder, contrary to N.J.S.A. 2C:11-3a(3), first-degree robbery, contrary to N.J.S.A. 2C:15-1, third-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b, and second-degree possession of a weapon for unlawful purpose, contrary to N.J.S.A. 2C:39-4a.

On May 2, 1997, Petitioner was sentenced to a term of life with 30 years of parole ineligibility. Petitioner was also sentenced to two 20-year terms of imprisonment with 10-year parole ineligibilities, which were to run concurrent with each other but consecutive to the original life sentence with 30 years of parole ineligibility.

Petitioner thereafter filed an appeal, and on June 11, 1998, Petitioner's conviction and sentence were affirmed by the Superior Court of New Jersey, Appellate Division. On June 22, 1998, Petitioner filed a motion for certification with the New Jersey Supreme Court, which was denied on September 24, 1998.

Petitioner next filed a petition for Post-Conviction Relief ("PCR"), and on December 11, 2000, said petition was denied by the Superior Court of New Jersey, Law Division. Petitioner appealed and on October 17, 2002, his appeal was denied. On December 11, 2003, Petitioner's motion for certification to the New Jersey Supreme Court was denied. On March 30, 2004,

Petitioner filed a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.  On May 24, 2006, this Court denied Petitioner's § 2254 motion without prejudiced.  The denial was premised on Petitioner's failure to exhaust all state court claims and remedies.  On July 27, 2006, Petitioner filed the instant motion.

## II. DISCUSSION

### A. Petitioner's Motion to File Notice of Appeal was Timely

The issue this Court must consider when a Petitioner seeks to file his notice of appeal out of time is whether the delay was due to excusable neglect or good cause.  If so, this Court may extend the time for Petitioner to file his notice of appeal.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure establishes the time limit for filing a notice of appeal in a civil case: "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed.R.App.P. 4(a)(1).  When the notice of appeal is filed by a *pro se* prisoner, such as the case here, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."  Fed.R.Civ.P. 4(c).

Further, Fed.R.Civ.P. 4(a)(5) permits this Court to extend the time to file a notice of appeal if: (1) a party moves for said extension no later than 30 days after the time prescribed under Rule 4(a) ends; and (2) regardless as to time, whether the party shows excusable neglect or good cause.  Fed.R.App.P.

4(a)(5)(A)(i); In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 154 (3d Cir. 2005).

Regarding the first prong set forth above, the Order Petitioner seeks to appeal was entered on May 24, 2006. Petitioner was therefore required to file a notice of appeal on June 23, 2006, 30 days later. Petitioner's motion to file a notice of appeal out of time is dated July 17, 2006, stamped received July 27, 2006 and docketed that same day. Here, utilizing the July 17, 2006 date listed by Petitioner on his motion, he satisfies the first prong under Rule 4(a) because he filed his motion with the 30 day time prescription set forth in Fed.R.App.P. 4(a)(5)(A)(i). Put another way, Petitioner had until July 24, 2006[1] to send his request for an extension of time to appeal. Petitioner's motion is dated July 17, 2006, seven days before the statute required. Accordingly, Petitioner's motion to file a notice of appeal is timely.

**B.   Excusable Neglect or Good Cause**

Because Petitioner satisfies the first prong of Rule 4(a), the Court next turns to the second prong - whether Petitioner has demonstrated excusable neglect or good cause.

Rule 4(a)(5)(A)(ii) provides that regardless of whether Petitioner was timely in his request for an extension to file a

---

[1] Thirty days from June 23, 2006 is July 23, 2006. However, July 23, 2006 is a Sunday, and, thus, the notice was due on or before July 24, 2006. Fed.R.Civ.P. 6(a).

4

notice of appeal, or request to file one out of time, that party must nevertheless demonstrate excusable neglect or good cause.

### i)   Excusable Neglect

The Third Circuit has held that excusable neglect under Rule 4(a) is to be reviewed using the test outlined in Pioneer Inv. Servs. Co. v. Brunswick Assocs. L'td. P'ship., 507 U.S. 380 (1993).  See In re Diet Drugs Products Liability Litigation, 401 F.3d 143, 153 (3d Cir. 2005).

In Pioneer, the Supreme Court set forth the following factors for lower courts consideration, which are: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for delay (including whether it was within reasonable control of movant); and (4) whether movant acted in good faith.  The Court will review each in turn.

### a)   Danger of Prejudice

In the present circumstances, there appears to be little to no danger of prejudice to the Respondents.  Petitioner filed the instant motion within the 60 day time frame permitted under the rules.  The Third Circuit has held that a minimal time delay is not prejudicial.  See In re Diet Drugs Products Liability Litigation, 401 F.3d at 154.

Further, Respondents have not argued that they would suffer any prejudice by allowing Petitioner to file his notice of appeal outside the normal time parameters.

**b)     Length of Delay**

As previously mentioned, the length of delay in the instant motion is minimal.  That minimal elapse of time does not reduce in any way Petitioner's interest in appeal.

**c)     Reasons for Delay**

Petitioner argues that the cause of his delay is a series of events which have occurred within the prison walls. Specifically, Petitioner states that the prisoner paralegal, with which Petitioner relied for legal assistance, was taken to a medical treatment center on June 13, 2006 and was not returned until June 16, 2006.  Petitioner further states that from June 19, 2006 through June 26, 2006, the prison in which he was housed was in lock-down status.  That lock-down included the prevention of prisoners from accessing legal facilities and services. Thereafter, on July 1, 2006, the Governor of the State of New Jersey conducted a state government shut-down, which included the temporary dismissal of all non-essential prison personnel.  As a result, Petitioner argues, the law library and all related facilities within the prison were closed, thereby denying Petitioner access to legal materials and assistance from July 1, 2006 through July 10, 2006.

Here, however, the Court finds that the reasons for delay as set forth by Petitioner are not excusable.  First, the Court rejects the notion that legal services were needed to file a notice of appeal, and that lack of access would justify the

6

unacknowledged passage of such a deadline.  Further, the Court cannot find any assertion by Petitioner that the mail itself was stopped, or that Petitioner was prevented from accessing the mails.  See Iannace v. Rogers, 2006 WL 2038492 (D.N.J. 2006) (holding that Petitioner demonstrated a compelling reason for delay as said Petitioner was prevented from accessing the mails).  Certainly, a notice of appeal is of no great legal moment.  And as Petitioner is *pro se*, a simple letter stating intent to appeal would most probably sufficed.

Finally, the Court notes that although Petitioner presents an array of happenstances that he asserts had stalled his efforts at appeal, there were also significant amounts of time where, presumably, the prison law library and the paralegal were functioning.  For example, the denial of Petitioner's § 2254 petition was denied by this Court on May 24, 2006.  From that time until June 13, 2006, Petitioner presents no event that prevented his access to the law library or the paralegal. Additionally, June 16, 2006 through June 19, 2006, both the law library and the paralegal appeared to be available to Petitioner.

Therefore, because Petitioner asserts no delay or prevention of access to the mails, and because there were periods of time in which Petitioner could have accessed the law library and paralegal, this Court finds that Petitioner fails to demonstrate excusable neglect or any valid reason or reasons for the delay.

      **d)    Good Faith**

Likewise, Petitioner's inaction demonstrates an absence of good faith. Petitioner failed to make any tangible effort to attempt to meet the notice of appeal deadline. In Iannace, it was found that Petitioner consistently communicated with the Court, expressing a desire to appeal. Here, Petitioner failed to communicate any desire to appeal, in any form. Although there were some issues regarding access to the law library and the paralegal, that alone does not justify any attempt by Petitioner to honor the notice of appeal deadline. As such, Petitioner has failed to demonstrate a good faith effort to comply with the rules of the court.

In looking to all circumstances surrounding Petitioner's delay, as required pursuant to Pioneer, this Court finds that Petitioner has failed to demonstrate that the delay in filing his notice of appeal is excusable. Although the length of delay is minimal, Petitioner failed to raise viable reasons for delay. Further, Petitioner has failed to demonstrate good faith efforts to comply with the notice of appeal requirements. Petitioner has therefore failed to demonstrate excusable neglect.

    **ii)    Good Cause**

With the circumstances presented by Petitioner, good cause is not applicable. See Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990)(quoted by Fed.R.App.P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments)("The

8

excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.").

Here, the onus to file a timely notice of appeal lay with Petitioner.  No circumstance or set of circumstances prevented Petitioner from filing said notice.  There cannot be good cause, as the failure to file a timely notice of appeal was Petitioner's.  Although the circumstances surrounding the law library and paralegal were not within Petitioner's control, they were not such as to prevent his timely notice of appeal. Petitioner therefore fails to demonstrate good cause.

### III. Conclusion

For the foregoing reasons, this Court finds that Petitioner has failed to demonstrate excusable neglect or good cause. Petitioner's motion to file a notice of appeal out of time is therefore DENIED WITH PREJUDICE.

    S/ Dennis M. Cavanaugh
    HONORABLE DENNIS M. CAVANAUGH
    United States District Judge

DATE: Sept. 13, 2006